**UNITED STATES of America,**
**Appellee,**

v.

**Jose MUNIZ, Defendant–Appellant.**

**No. 1163, Docket 94–1470.**

United States Court of Appeals,
Second Circuit.

Argued: March 23, 1995.

Decided: June 29, 1995.

Amended: Dec. 6, 1995.

On Reconsideration: Feb. 11, 1997.

Colleen P. Cassidy, New York, NY (The Legal Aid Society, Federal Defender Division Appeals Bureau, on the Brief), for Defendant–Appellant.

John M. McEnany, Assistant United States Attorney, New York, NY (Mary Jo White, United States Attorney for the Southern District of New York, New York, NY, on the Brief; Alexandra Rebay, Assistant United States Attorney, New York, NY, of Counsel), for Appellee.

Before: LUMBARD, KEARSE, and LEVAL, Circuit Judges.

Judge LUMBARD dissents in a separate opinion.

LEVAL, Circuit Judge:

Jose Muniz was convicted on his plea of guilty to Count I of the indictment, a gun possession charge, and upon a jury's verdict after trial on Count II, a narcotics charge. He was sentenced to 192 months imprisonment and five years supervised release on each of the two counts concurrently, plus a special assessment of $50 for each count. His appeal was argued on March 23, 1995. Muniz contended that the evidence was insufficient as a matter of law to support his conviction on the narcotics charge; he also appealed his sentence on the firearms charge.

Upon argument of the appeal, both sides represented to the court that Muniz had failed to move for judgment of acquittal of the narcotics charge based on the insufficiency of the evidence under Rule 29, Fed. R.Crim.P. The majority voted to affirm the conviction. We held that the plain error standard applied by reason of Muniz's failure to move under Rule 29 and that the evidence, even if insufficient to meet the reasonable doubt standard, was not so insufficient as to constitute plain error. *United States v. Muniz*, 60 F.3d 65 (1995).

In dissent, Judge Kearse contended that, where the error is the failure to meet the reasonable doubt standard, any shortfall, great or small, requires reversal of the conviction, regardless whether objection was noted at trial.

The Court voted to rehear in banc to decide whether, where the issue of the sufficiency of the evidence is raised for the first time on appeal, and the evidence is insufficient to support a guilty verdict under the "beyond a reasonable doubt" standard but is close to sufficient, a conviction may be affirmed on the ground that the insufficiency was not "plain" within the meaning of Rule 52(b), Fed.R.Crim.P.

Two days before oral argument, the government moved to vacate the in banc rehearing and remand to the panel, based on the discovery of a previously untranscribed portion of the trial minutes. The newly found transcript revealed that defense counsel had in fact moved during trial for a judgment of acquittal under Rule 29. Declaring that the issue on which rehearing had been granted was now moot, the in banc court dissolved and returned the appeal to the panel for further consideration.

Because Muniz moved for a judgment of acquittal, we are all in agreement that the standard of review on appeal is whether, viewed in the light most favorable to the government, the evidence was sufficient to permit a "rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." *United States v. Amato*, 15 F.3d 230, 235 (2d Cir.1994) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99

S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). Because we find the evidence insufficient to meet that standard, we reverse the conviction on the narcotics charge and direct the entry of a verdict of acquittal. We need not decide whether the standard would be the same or different for an unpreserved error. Our prior affirmance of Muniz's sentence on the firearms charge is not affected by this ruling. Because Muniz received identical and concurrent sentences on the two counts of conviction, except for the incremental assessment of $50 per count, our ruling will not affect Muniz's sentence except by eliminating the $50 special assessment for the narcotics count.

LUMBARD, Circuit Judge, dissenting:

When viewed in the light most favorable to the government I believe there existed sufficient evidence for the jury to have returned its verdict of guilty. I therefore respectfully dissent.

Possession with intent to distribute is established through "proof of the defendant's actual or constructive possession of the [controlled substances]." *United States v. Gordils*, 982 F.2d 64, 71 (2d Cir. 1992). "To prove that a defendant constructively possessed narcotics, the government must establish that the defendant knowingly had the power and intention at a given time to exercise dominion and control over [the drugs]." *United States v. Martinez*, 44 F.3d 148, 154 (2d Cir.1995)(internal quotations omitted). Thus, the government must present "indicia of dominion or control," *id.*, which can include any relevant evidence connecting the individual to the particular site or contraband. *See id.* (indicating valid "indicia" might include keys to an apartment or car, addressed documents such as bills or check stubs, or eyewitnesses who link a defendant to a particular residence); *see also United States v. Rios*, 856 F.2d 493, 496 (2d Cir.1988)(proximity of defendant to controlled substances at time of arrest deemed persuasive indicia).

In the instant case, the evidence presented by the government is slender but sufficient. Because the evidence presented to the jury was described in detail in the original opinion, *see United States v. Muniz*, 60 F.3d 65, 67–68 (2d Cir.1995), I shall briefly highlight only the most salient facts.

First of all, the jury acted reasonably in finding that Muniz resided at apartment 6C. Although Muniz' mother was the sole person listed as a tenant of the apartment, Muniz was found alone in the apartment on the day of the search, lying in bed in one of the apartment's two bedrooms. He was wearing a cast on his leg, and required crutches to move about. A key to the front door of the apartment was found on the bedside table. In addition, Muniz had been seen by the police at the apartment building several times before the search of the apartment, each time wearing a cast and carrying crutches. A reasonable inference for the jury to draw in light of this evidence is· that Muniz had come to his mother's apartment to recuperate from an injury and planned to stay until he regained physical capacity, thereby establishing a temporary residence. It is also reasonable for the jury to infer that the heroin was intended for someone residing in the apartment, either Muniz or his mother. Although the piece of mail in the mailbox addressed to Wilfredo Kirkaldy might suggest that this Kirkaldy occupied the apartment or otherwise had access to the mailbox, a reasonable inference is that Kirkaldy was a prior tenant or that the mail was misdelivered.

Second, empty glassine envelopes were found inside the bedroom in which Muniz was staying. These envelopes were similar to the envelopes found in the mailbox except for the fact that they were stamped with the word "Sledgehammer," not "Flatliner" or "Monster." It therefore was reasonable for the jury to connect Muniz, the occupant of the room and presumably the owner of the empty envelopes, to the heroin found in the mailbox.

As it is well established that evidence must be found sufficient if, "viewing the evidence in a light most favorable to the government and drawing all reasonable inferences in its favor, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Gordils*, 982 F.2d at 70 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)(emphasis in original)), I must dissent from the majority's reversal of the defendant's conviction.